NO. 07-05-0220-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 30, 2006


 ______________________________



DANA JANENE MCCARTY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 2946; HONORABLE FELIX KLEIN, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 This is an out-of-time appeal conducted at the direction of the Texas Court of
Criminal Appeals. Appellant Dana Janene McCarty challenges her 1997 conviction for
aggravated sexual assault and the 16 year sentence imposed by the trial court. Presenting
a sole issue, appellant contends she was denied her Sixth Amendment right to effective
assistance of counsel. We affirm. 

 Appellant was indicted for intentionally and knowingly causing penetration of the
victim's female sexual organ by her sexual organ. She was convicted as a party to the
offense committed by her then live-in boyfriend James Lee Vick. Appellant and the victim,
12 years old at the time of the offense, were friends and occasionally the victim babysat
appellant's infant daughter. In the summer of 1994, the victim spent the night in appellant
and Vick's home. Vick's cousin, John Barby, was also present that night. The group,
including the victim, engaged in a beer drinking game and watched a pornographic movie. 
After a few hours, Vick called the victim to a bedroom where he asked her if she would
participate in a foursome. Although unsure of what that entailed, she agreed. While
appellant was with Barby, the victim testified that Vick kissed her and removed her
pajamas. He then penetrated her sexual organ with his penis. She immediately felt pain
and an urge to go to the bathroom. After she pushed Vick off and headed to the bathroom
she discovered she was bleeding. Appellant followed her and attempted to explain why
she was hurting and bleeding and helped her clean up and shower.

 On October 13, 1994, the victim and her parents reported the incident to the Sheriff's
Department. A sexual assault exam revealed that the victim had been raped and
contracted two sexually transmitted diseases. Arrests warrants were issued for appellant,
Vick and Barby. (1) 

 By her out-of-time appeal, appellant complains she was denied her Sixth
Amendment right to effective assistance of counsel. A claim of ineffectiveness is reviewed
under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). Under Strickland, a defendant must establish that (1) counsel's
performance was deficient (i.e., fell below an objective standard of reasonableness), and
(2) there is a reasonable probability that but for counsel's deficient performance, the result
of the proceeding would have been different, a reasonable probability being a probability
sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110
(Tex.Crim.App. 2003); see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App.
1986). In other words, appellant must demonstrate by a preponderance of the evidence
that the deficient performance prejudiced her defense. Mitchell v. State, 68 S.W.3d 640,
642 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). 
Failure to make the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim. Thompson, 9 S.W.3d at 814, citing Strickland, 466 U.S.
at 700.

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984); see
also Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. See Andrews v.
State, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). See also Bone v. State, 77 S.W.3d 828,
833 (Tex.Crim.App. 2002). To defeat the presumption of reasonable professional
assistance, any allegation of ineffectiveness must be firmly founded in the record. 
Thompson, 9 S.W.3d at 813-14. 

 To satisfy the first prong of the test, an appellant must demonstrate that counsel's
performance was unreasonable under prevailing professional norms and that the
challenged action was not sound trial strategy. Strickland, 468 U.S. at 690. From the
record, it appears that appellant's trial counsel had a strategy in attacking the indictment
which accused appellant of "intentionally and knowingly causing penetration of the victim's
female sexual organ by defendant's sexual organ." While the State contends that the
indictment was sufficient to allow it to present a case to the jury of appellant being an
accomplice to the sexual assault of the victim by her boyfriend, appellant's trial counsel
clearly disagreed. 

 Both the State and appellant's attorney on appeal believe that trial counsel was
arguing a theory "contrary to law," by contending that trial counsel was stating that the
indictment must allege the appellant acted as a party instead of as the principal actor. 
However, trial counsel appears to actually be arguing that the State has charged appellant
with a separate and distinct offense than what the principal actor was charged. Though
the State was correct at trial, that an indictment did not require any language referencing
the "law of parties," see Jackson v. State, 898 S.W.2d 896, 989 (Tex.Crim.App. 1995),
appellant is still entitled to notice of the offense that is being charged. Id. at 899. It would
appear that trial counsel was raising a question that is best described as a material
variance between the indictment and the offense that the State sought to prove at trial, see
Fuller v. State, 73 S.W.3d 250, 253 n.2 (Tex.Crim.App. 2002). 

 However, our review of trial counsel's actions must be highly deferential and we
indulge in a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. See Rylander v. State, 101 S.W.3d at 110
(Tex.Crim.App. 2003), citing Strickland 468 U.S. at 689. After reviewing trial counsel's
actions we find that his actions did not fall beneath the threshold of reasonable
professional assistance; therefore, we overrule appellant's first issue. 

 Even if we assume that counsel's performance fell below an objective standard of
reasonableness, there must be a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different. Rylander, 101
S.W.3d at 110. Appellant meets this requirement by providing a record that demonstrates
by a preponderance of the evidence that the deficient performance prejudiced her
defense. Mitchell v. State, 68 S.W.3d at 642 (Tex.Crim.App. 2002). Appellant contends
that because there is some evidence that the wrong theory of law was used by trial
counsel and she was convicted and received a prison sentence there must have been
prejudice to her defense. The trial record does not support the assumption that appellant
asks this court to make. 

 In this case the question of counsel's motives for the action he took cannot be
answered in the undeveloped record before this court. Mallett v. State, 65 S.W.3d 59, 63
(Tex.Crim.App. 2001). Counsel should ordinarily be afforded the opportunity to explain
his actions before being denounced as ineffective. Rylander 101 S.W.3d at 111. (2) 
Accordingly, there is no showing of ineffective assistance of counsel under the first prong
of Strickland and even if we assume ineffective assistance, the record does not support
the assumption of harm.

 Accordingly, the judgment of the trial court is affirmed.


 Mackey K. Hancock

 Justice





Quinn, C.J., concurring

Reavis, J., dissenting

 







Do not publish. 


NO. 07-05-0220-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 30, 2006


 ______________________________



DANA JANENE MCCARTY,


 Appellant


V.



THE STATE OF TEXAS,


 Appellee

_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 2946; HONORABLE FELIX KLEIN, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Concurrence


 I concur in the opinion of Justice Hancock for the following reasons. 

 The record belies the appellant's argument that the strategy of his trial counsel was
founded upon a misunderstanding of the law of parties. His trial counsel may have argued
that a party allegation had to be included in the indictment. Yet, it is clear that he also
considered appellant's responsibility as a party while defending her. This is borne out by
various queries and comments during trial such as 1) "[d]o you think [appellant] forced
Theresa to have sex with anybody," 2) "[d]id [appellant] ever tell you that she told Theresa
to have sex with James," 3) "so [appellant] didn't ask you to do anything with James," 4)
"[d]id she ever tell you [i.e. Theresa] you had to have sex with James," 5) "[d]id [appellant]
ever tell you [i.e. Theresa] you really need to because I [i.e. appellant] wants you to," 6)
"[d]id [James] tell you that [appellant] wanted him to ask you that," 7) "[a]nd I think you said
James tried to talk you into doing it again," 8) "[a]nd again, I think you said [appellant] told
you that she didn't want to ask you that or get involved in that in any way, right," 9) ". . .
if there was one person that was telling everybody else what to do, who was that person,"
10) "[d]id [Theresa] tell you that [appellant] held her while James had sex with her," 11)
"[Theresa] didn't say that [appellant] held her," 12) "[d]id [Theresa] tell you that [appellant]
talked her into having sex with James," and 13) "[d]o you [i.e. appellant] remember telling
Theresa that she didn't have to do it." Each of the foregoing addressed appellant's
involvement in the assault not as the primary actor but as someone who aided another,
i.e. as a party. 

 And, that defense counsel's trial strategy also included an attack upon appellant's
status as a party is further exemplified by his closing argument. There, he summarized
the nature of the testimony given by each witness. While doing so, he made comments
like "[t]hat's not aiding and soliciting on the part of [appellant] that's James in control . . .
," "she didn't encourage it, she didn't solicit it and she didn't aid it . . . ," "[d]oes that sound
like someone who's aiding . . . ," and "[h]ow could she have aided . . . ." (Emphasis
added). The italicized words are remarkably similar if not identical to those used by the
legislature in explaining when one becomes culpable as a party to an offense. See Tex.
Penal Code Ann. §7.02(a)(2) (Vernon 2003) (describing a party to an offense as one who
"acting with intent to promote or assist the commission of the offense, solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense"). 

 In sum, the test for assessing whether an accused was denied effective assistance
of counsel requires us to look at all of counsel's actions, not just snippets. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Here, appellant focused only upon a
snippet. In her effort to impugn trial counsel's efforts, she said nothing of the ubiquitous
evidence thoroughly illustrating that counsel both knew about the law of parties and
pursued a defensive strategy with it in mind. Given this, I reject the assertion regarding
counsel's supposed ineffectiveness. So too would I overrule appellant's sole issue and
affirm the judgment. 


 Brian Quinn

 Chief Justice


Do not publish.

 

 

NO. 07-05-0220-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 30, 2006



______________________________




DANA JANENE McCARTY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 2946; HONORABLE FELIX KLEIN, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.


DISSENTING OPINION





 I respectfully dissent. Notwithstanding the law of parties and that it need not be
pled in the indictment, defense counsel's trial strategy focused on appellant's anatomy and
argued she could not have sexually assaulted the victim. See Sorto v. State, 173 S.W.2d
469, 476 (Tex.Cr.App. 2005); Cordova v. State, 698 S.W.2d 107, 111 (Tex.Cr.App. 1985), 
During his opening statement, defense counsel told the jury they were to consider the
elements of the offense as set out in the indictment and explained they would have to find
that appellant penetrated the female sexual organ of the victim with her sexual organ
because no one else was named in the indictment as sexually assaulting the victim. 
Although the State objected to defense counsel's contention anticipating the court would
instruct the jury on the law of parties, trial counsel persisted in presenting a defense on the
State's inability to prove sexual assault and ignored application of the law of parties. 

 A criminal defense lawyer must have a firm command of the facts of a case and the
law governing the case before he can render reasonably effective assistance of counsel. 
Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.Cr.App. 1990). Additionally, counsel has a
duty to bring to bear such skill and knowledge as will render the trial a "reliable adversarial
testing process." Id. (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984)). Appellate counsel argues that defense counsel did not know the
state of the law regarding application of the law of parties. The record on direct appeal
demonstrates that counsel repeatedly focused appellant's defense on the State's failure to
establish that appellant had engaged in sex with the victim. I would hold that pursuing a
defense under an incorrect theory of law cannot be considered sound trial strategy and that
defense counsel's performance fell below an objective standard of reasonableness. 

 To prevail on her claim of ineffectiveness, appellant must also demonstrate by a
preponderance of the evidence that counsel's deficient performance prejudiced her
defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Eight witnesses
testified for the State. Five of the eight, excluding the investigating officer, the medical
expert, and a witness of whom no questions were asked during cross-examination, were
all cross-examined on whether appellant had engaged in sex with the victim and whether
appellant had touched the victim. When appellant testified in her defense, she was also
asked whether she had engaged in sex with the victim. 

 Although defense counsel questioned the witnesses on whether appellant had
invited the victim to spend the night, held the victim for Vick, or asked the victim to have sex
with Vick, the record demonstrates that defense counsel's intent during cross-examination
was to establish a lack of evidence to show appellant sexually assaulted the victim. This
is supported by counsel's argument in support of the motion for directed verdict based on
the State's failure to prove the elements of sexual assault, as well as the motion for new
trial and brief in support thereof. Counsel's performance throughout trial demonstrated a
lack of knowledge on application of the law of parties which affected his cross-examination
of the State's witnesses to that extent. It is conceivable that a defense mounted under a
correct theory of law might have produced a different result. I conclude the record
demonstrates that counsel's deficient performance was sufficient to undermine confidence
in the outcome and compel a holding that appellant was denied her Sixth Amendment right
to effective assistance of counsel. I would reverse and remand the cause for a new trial. 


 Don H. Reavis

 Justice

 


Do not publish. 
1. ' 
 - 
 
2.